Kim Richman
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

RAYLEE MONTALVO,

                        Plaintiff,

          -against-

THE CITY OF NEW YORK, DETECTIVE
EDWARD EHRENKRANZ, and P.O.s "JOHN
DOE" #1-5 (said names being fictitious, as the
true names are presently unknown), Individually
and in their Official Capacities.

                        Defendants.

----------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff Raylee Montalvo ("Plaintiff"), by his attorney, Kim E. Richman,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.       Plaintiff brings this action for compensatory damages, punitive damages,

and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for the wrongful acts of

defendants Detective Edward Ehrenkranz and P.O.s "John Doe" #1-5 (said names being

fictitious, as the true names are presently unknown), as Officers of the New York City

Police Department, all acting under color of state law and pursuant to their authority, and

The City of New York (collectively, "Defendants") in violation of Plaintiff's rights, as

1

said rights are secured by said statutes and the Constitutions of the State of New York
and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the
Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States
Constitution.

3.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and
constitutional provisions and pursuant to 28 U.S.C. §§ 1331 and 1343, this being an
action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4.      Plaintiff further invokes this Court's pendent jurisdiction over any and all
state law claims and causes of action that derive from the same nucleus of operative facts
that give rise to the federally based claims and causes of action pursuant to 28 U.S.C.
§ 1367.

## VENUE

5.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this
being the District in which the claim arose.

## TRIAL BY JURY

6.      Plaintiff demands a trial by jury on each and every one of his claims as
pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      At all times relevant hereto, Plaintiff Raylee Montalvo was and is a
resident of Bronx County, NY, located in the Southern District of New York.

8.      At all times relevant hereto, Defendant the City of New York (hereinafter,
"NYC") was and is a municipality of the State of New York and owns, operates,

2

manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9.      At all times relevant to this action, Defendants Ehrenkranz and Does #1-5 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department (hereinafter, the "NYPD") and acting under color of state law.

10.     At all times relevant hereto and in all their actions described herein, said police officer Defendants were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11.     NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12.     On April 10, 2012, at approximately 12:50 p.m., at the intersection of 168th Street and Teller Avenue, Bronx, NY, Plaintiff was riding his motorcycle in the vicinity of his home.

13.     At the time, Plaintiff was a 21 year-old male with no criminal history.

14.     At the time of the incident, Plaintiff was pursued and boxed-in by two (2) police cruisers, at which point Plaintiff turned off his motorcycle, dismounted, and indicated that he intended to surrender to the police.

3

15.    Defendant Ehrenkranz emerged from the car positioned behind Plaintiff, followed immediately thereafter by other officers from both cars.

16.    Despite the fact that Plaintiff had declared his intention to surrender to police, Defendant Ehrenkranz pushed Plaintiff face down against the side of the motor bike, forcing Plaintiff's stomach to press against an exposed muffler pipe. Because the engine had been operating only moments before, the pipe was dangerously hot and immediately burned through Plaintiff's clothes, scalding Plaintiff's skin in a wide swath against his stomach. Plaintiff sustained additional burns on his left hand and forearm, which were also pressed against the muffler as a result of the force exerted by Defendant Ehrenkranz.

17.    As Plaintiff screamed in pain, reflexively recoiling from the heat, Defendant Ehrenkranz pushed his knee into the back of Plaintiff's neck to keep Plaintiff from moving while being handcuffed. When Plaintiff pleaded that it was too hot and he was being burned, Defendant Ehrenkranz told him to "shut the fuck up and take it like a man."

18.    After applying handcuffs, Defendant Ehrenkranz attempted to bring the Plaintiff to his feet. However, after being pressed against the hot tailpipe for a full minute, Plaintiff was overwhelmed with pain from the burn to his abdomen and physically incapable of standing when ordered to do so. After applying handcuffs, Defendant Ehrenkranz dropped Plaintiff, who fell back against the motor bike again, suffering additional burns, as well as numerous scrapes and bruises.

19.    Defendant Ehrenkranz and other officers (Doe Defendants) then brought Plaintiff to the police car and threw him face forward over the hood of the car, which, also being hot, further aggravated the severe burns he just sustained.

4

20.    During his arrest, Plaintiff did not at any point physically resist or retaliate against Defendants. Indeed, Defendant Ehrenkranz later apologized to Plaintiff, saying that he was sorry for the trouble he caused him as Plaintiff "seem[ed] like a nice guy."

21.    As a result of Defendant Ehrenkranz's use of excessive force, Plaintiff suffered second-degree burns across his stomach, along with additional first-degree burns and bruises and lacerations to various parts of his body.

22.    After Plaintiff was arrested, he was taken to the 44th precinct NYPD police station for processing.

23.    Despite Plaintiff's ongoing pain and repeated pleas for immediate medical attention, Defendants did not provide emergency treatment to Plaintiff. Plaintiff was not treated until one (1) full hour after the time of his arrest, when emergency medics were finally called to the police station.

24.    Plaintiff was then taken to Lincoln Medical and Mental Health Center and treated for more than four (4) hours. Plaintiff's second degree burns were then dressed with extensive bandages and padding, which required frequent replacement along with cleaning of the burn area due to ongoing secretions from the affected areas.

25.    Following treatment, Plaintiff was returned to police custody at the 44th precinct station. At approximately 8:45 p.m. on April 10, 2012, Plaintiff was transferred to the 161st Street NYPD police station, where he was held overnight. While being held at the station, despite his repeated requests for a medic to help him replace his bandages and clean his wounds as required by the medical instructions given to him, Defendant police officers continually refused his request for medical relief. Plaintiff did not receive fresh bandages until his seventh request for help. Plaintiff's requests for Tylenol or Aspirin were also denied.

26.    Plaintiff was finally released on April 11, 2012, at approximately 10 a.m. and charged with reckless endangerment. The charge was later reduced to a misdemeanor and will be dismissed completely if Plaintiff completes community service and is not arrested for a period of six (6) months.

27.    As a result of his physical injuries, Plaintiff could not attend to his job as a shift supervisor. Plaintiff missed approximately three (3) weeks of work due to his injuries.

28.    During the weeks Plaintiff spent recovering from his burn injury, he was unable to stand up from a sitting position without assistance and required a cane to walk upright. He was also unable to sleep due to the constant pain, which required heavy medication. His injuries have required at least six (6) additional visits to the hospital for follow-up treatment.

## FIRST CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

29.    Plaintiff repeats, reiterates, and re-alleges each and every preceding allegation with the same force and effect as if fully set forth herein.

30.    The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

31.    Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable, and unprovoked.

32.    As a result of the excessive force and brutality, Plaintiff sustained substantial pain, second degree burns, bruising, and swelling about his body.

33.    All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York, and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SECOND CLAIM FOR RELIEF:
### <u>DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS</u>
### <u>MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES</u>
### <u>CONSTITUTION</u>

34.     Plaintiff repeats, reiterates, and re-alleges each and every preceding

allegation with the same force and effect as if fully set forth herein.

35.     As described above, Defendants acted with deliberate indifference to

Plaintiff's serious medical needs by, among other things, failing to properly treat Plaintiff

until a full hour following his injuries, despite the fact that Defendants were aware of, or,

but for their deliberate indifference, should have been aware of, Plaintiff's serious

medical needs.

36.     Defendants consciously disregarded the serious medical risk posed by

Plaintiff's injuries by, among other things, failing to immediately provide or allow

subsequent treatment despite their awareness of the seriousness of his injuries.

37.     As a consequence thereof, Plaintiff was injured.

### THIRD CLAIM FOR RELIEF:
### <u>ASSAULT</u>

38.     Plaintiff repeats, reiterates and re-alleges each and every preceding

allegation with the same force and effect as if fully set forth herein.

39.     By the actions described above, the individual Defendants intentionally

caused and allowed Plaintiff to be placed in apprehension of imminent harmful and

offensive contact.

40.     As a consequence thereof, Plaintiff was injured.

7

## FOURTH CLAIM FOR RELIEF:
## BATTERY

41.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

42.     By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

43.     As a consequence thereof, Plaintiff was injured.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

44.     Plaintiff repeats, reiterates, and re-alleges each and every preceding allegation with the same force and effect as if fully set forth herein.

45.     Defendants used excessive force during the arrest of Plaintiff, despite his lack of resistance and notwithstanding their knowledge that said excessive force would jeopardize Plaintiff's well-being, safety, and constitutional rights.

46.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

47.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

48.     The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

8

49.     The foregoing customs, policies, usages, practices, procedures, and rules
of NYC and the NYPD were the direct and proximate cause of the constitutional
violations suffered by Plaintiff, as alleged herein.

50.     The foregoing customs, policies, usages, practices, procedures, and rules
of NYC and the NYPD were the moving force behind the constitutional violations
suffered by Plaintiff, as alleged herein.

51.     Defendants, collectively and individually, while acting under color of state
law, were directly and actively involved in violating the constitutional rights of Plaintiff.

52.     Defendants, collectively and individually, while acting under color of state
law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers
and were directly responsible for the violation of Plaintiff's constitutional rights.

53.     Defendant NYC, as municipal policymaker in the training and supervision
of Defendant police officers, has pursued a policy and custom of deliberate indifference
to the rights of persons in its domain who suffer violation of their right to freedom from
the use of excessive and unreasonable force in violation of the Fourth, Fifth, Sixth,
Eighth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C.
§ 1983, and the Constitution and laws of the State of New York.

54.     All of the foregoing acts by Defendants deprived Plaintiff of federally
protected rights, including, but not limited to, the right:

    a.  To be free from excessive force and infliction of emotional distress;

    b.  Not to have cruel and unusual punishment imposed upon him; and

    c.  To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2.  Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            September 10, 2012

                                        Respectfully submitted,

                                        Kim E. Richman, Esq.
                                        REESE RICHMAN LLP
                                        875 Avenue of the Americas, 18th Floor
                                        New York, NY 10001
                                        (212) 643-0500 (telephone)
                                        (212) 253-4272 (facsimile)

                                        *Attorney for Plaintiff*